*The final accounting in* JANE ANN MOORE's *Estate.*

AN administrator held responsible for non-collection of a good debt.

J. A. MOORE, *for Administrator.*
V. B. DUTTON, *for Objector.*

THE SURROGATE. Eliza Blauvelt, one of the next of kin, objects to the administrator's account, in consequence of the failure of the administrator to realize the judgment against his brother, Charles Moore. This objection is sustained. The judgment was rendered here in favor of the estate, in April, 1860. In January, 1860, Charles Moore, had become seized of certain real estate, to wit: one-ninth of his mother's homestead, in Hackensack, New Jersey, the homestead being worth $15,000. He mortgaged it in February, 1861, for $100, and finally sold it in October, 1861, for $1,000, subject to the mortgage. There appears no good reason why this debt could not have been realized by the administrator. There was no judgment entered up in New Jersey, to create a lien on Charles Moore's real estate. The weight of evidence is that Charles Moore was a non-resident of New Jersey; and if so, a summary proceeding by attachment might have secured the debt. An administrator is always bound to use such care and diligence as a good business man would exert in the management of his own property, in order to collect claims against debtors of the estate, whether resident or non-resident. I shall charge the administrator with the amount of this judgment.